IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUNLAND FABRICATORS, d/b/a
Chicago Bridge & Iron                                                                    PLAINTIFF

v.                                                              CAUSE NO. 1:18CV170-LG-RHW

VALSPAR REFINISH, LLC                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

BEFORE THE COURT is the [2] Motion to Dismiss filed by Defendant The Sherwin-Williams Company, improperly named as Valspar Refinish, LLC. There has been no response filed. After due consideration of the submissions and the relevant law, it is the Court's opinion that Plaintiff Sunland Fabricators' claims against the defendant should be dismissed without prejudice for failure to effectively serve process.

The defendant states that it removed this case from Pearl River Circuit Court after receiving notice of the lawsuit from counsel retained by the defendant in a case in another state; defendant's agent for service has never been served. In state court, the plaintiff obtained a summons fourteen months after filing the complaint. (Notice of Removal Ex. A, at 1, ECF No. 1-2.) The summons indicated the law firm of Duplass, Zwain, Borgeois, Pfister & Weinstock as service counsel of record. (*Id*. at 3.) The defendant asserts that this was not correct, because that law firm is not the counsel of record in this case, and is not authorized to receive service of process for the defendant. After the summons was issued, no other action took place in the state court until the case was removed to this Court. Since the defendant removed

the case and filed its Motion to Dismiss approximately five months ago, there has been no further activity in this case.

The defendant requests that the case be dismissed without prejudice for lack of timely service pursuant to Fed. R. Civ. P. 4(m). Under Rule 4(m), the plaintiff had ninety days from the filing of this lawsuit to effect service on the defendant. In two months it will be two years since the original complaint was filed, and the defendant alleges it has yet to be served with process. Therefore, service is plainly untimely under Rule 4(m). Because the defendant has moved for dismissal, the Court "must dismiss the action without prejudice" unless good cause for the delay exists. Fed. R. Civ. P. 4(m); *see also Coleman v. Gillespie*, 424 F. App'x 267, 270 (5th Cir. 2011). The plaintiff has not contested the defendants assertions regarding improper service, and there is no good cause for delay apparent in the record. Dismissal is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [2] Motion to Dismiss filed by Defendant The Sherwin-Williams Company, improperly named as Valspar Refinish, LLC, is **GRANTED**. Plaintiff's claims against the defendant are **DISMISSED** without prejudice.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2018.

                                             s/ *Louis Guirola, Jr.*
                                             LOUIS GUIROLA, JR.
                                             UNITED STATES DISTRICT JUDGE